WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanne Doris Hamel,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-00173-PHX-GMS<br><br>**ORDER** |

Plaintiff Joanne Doris Hamel appeals the decision of the Administrative Law Judge ("ALJ") of the Social Security Administration denying her disability insurance benefits. (Doc. 17). For the following reasons the decision of the ALJ is vacated, and the case is remanded for further proceedings.

## INTRODUCTION

Joanne Hamel has been diagnosed with post-traumatic stress disorder ("PTSD") and borderline personality disorder. In May 2014, she applied for social security disability insurance benefits, alleging a disability onset date of February 11, 2014. The claim was denied in October 2014 and upon reconsideration in January 2015. Hamel filed a request for a hearing in February 2015, and a hearing was held in May 2016, at which she testified. Following the hearing, an ALJ issued a written decision denying benefits.

The ALJ followed the required five-step analysis for determining disability. At step one, the ALJ determined that Hamel had not engaged in substantial gainful activity after the alleged onset date. At step two, the ALJ concluded that Hamel's post-traumatic stress

disorder and borderline personality disorder both constitute severe impairments. At step three, the ALJ determined that none of Hamel's impairments (or any combination thereof) met or medically equaled the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. The ALJ then made a residual functional capacity ("RFC") finding. The ALJ determined that Hamel "has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant would have mild limitation in interaction with the public, moderate limitation in interaction with supervisors and marked limitation in her interaction with co-workers." (Tr. 23). The ALJ also concluded that Hamel could perform unskilled work.

In making his RFC finding, the ALJ considered testimony from Hamel about the severity of her symptoms, as well as medical opinions from various physicians that had treated or evaluated Hamel's conditions. Regarding Hamel's symptom testimony, the ALJ accepted her testimony insofar as it was consistent with his RFC finding, but concluded that "any allegation of greater limitation simply cannot be supported by the overall medical evidence. The treatment records indicated Ms. Hamel's symptoms were controlled with compliance to medication and regular treatment." (Tr. 27). As for the opinions of various physicians, the ALJ gave little weight to the opinion of Mehmud Ahmed, M.D., Hamel's treating physician; substantial weight to the opinion of Jose Abreu, Ph.D., a consultative examining physician; little weight to a second opinion from Dr. Ahmed; and reduced weight to the opinion of Eugene Campbell, Ph.D., a state agency medical consulting physician.

At step four, the ALJ concluded that Hamel is unable to perform any past relevant work. Finally, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Hamel can perform. Hamel did not therefore qualify as disabled and was not entitled to benefits.

The Social Security Administration Appeals Council denied Hamel's request for review of the ALJ's decision in November 2017. Hamel now appeals the ALJ's decision,

arguing that the ALJ erred by (1) rejecting the opinions of Dr. Ahmed while according substantial weight to Dr. Abreu, and (2) rejecting Hamel's testimony regarding the severity of her symptoms.

**DISCUSSION**

I. **Standard of review**

Courts apply a "highly deferential standard of review" when entertaining appeals from the decisions of the Commissioner of the Social Security Administration. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ's decision must be affirmed if it is supported by substantial evidence and is free of legal error. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (internal quotation marks omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, . . . and if evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

II. **Analysis**

    A. **The ALJ did not sufficiently justify his decision to discount Hamel's symptom testimony**.

Evaluating a claimant's symptom testimony requires two steps. First, the ALJ must determine whether there is a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's symptoms. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). "Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on [the] lack of objective medical evidence to fully corroborate the alleged severity of [the symptoms.]" *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (original alterations omitted). The proper question is whether the impairment(s) "could reasonably be expected to produce [the] pain or other symptoms." *Batson*, 359 F.3d at

1196.

To discredit the testimony of a claimant about her symptoms, an ALJ must give specific, clear, and convincing reasons. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). An ALJ does not satisfy that burden by merely reciting the medical evidence that the ALJ used to support her residual capacity determination. *Id.* at 489. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim*, 763 F.3d at 1163.

Here, the ALJ failed to specify what testimony from Hamel he found not credible. Instead, the ALJ used general language: "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 24). The ALJ then summarized the medical evidence in the case. Finally, the ALJ concluded his assessment of Hamel's testimony by stating that "any allegation of greater limitation [than the RFC] simply cannot be reasonably be supported by the overall medical evidence. The treatment records indicated Ms. Hamel's symptoms were controlled with compliance to medication and regular treatment." (Tr. 27). This conclusory statement, not specifically identifying testimony from Hamel that the ALJ found not credible (and the reasons for that conclusion), is not a specific, clear, and convincing reason for discounting Hamel's testimony regarding the severity of her symptoms. *See Brown-Hunter*, 806 F.3d at 493–94. This error by the ALJ was not harmless, because "the ALJ made only a general credibility finding without providing any reviewable reasons why [he] found [Hamel's] testimony to be not credible." *Id.* at 494.

However, because there are potential inconsistencies in the medical evidence with some of Hamel's testimony, the appropriate remedy is remand to the ALJ for further consideration. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

### B. The ALJ properly weighed the various medical opinions.

The ALJ's weighing of medical opinions is governed by regulation. 20 C.F.R. § 404.1527(c). The regulations create a hierarchy of deference to medical opinions from various sources. At the top of that hierarchy are the opinions of treating sources. *Id.* (c)(2). When the treating doctor's opinion is uncontradicted, the ALJ can reject those conclusions only for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). But when the opinion of a treating or examining physician is contradicted, an ALJ may reject the contradicted opinion for "specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation and internal quotation marks omitted).

Here, the opinions of Dr. Ahmed were contradicted by the opinion of Dr. Abreu, the state agency examining physician. Thus, to justify his decision, the ALJ needed only to articulate specific and legitimate reasons, supported by substantial evidence. *Id.* He did so by discussing the two separate opinions submitted by Dr. Ahmed and pointing to medical evidence that is inconsistent with Dr. Ahmed's conclusion.

Dr. Ahmed's first opinion, dated May 1, 2014, was that Hamel has marked limitations in understanding and memory, and extreme limitations in her ability to sustain concentration and patience. He also opined that she had moderate and marked limitations in social interactions, and extreme limitations in her ability to adapt. All of this would, in Dr. Ahmed's opinion, result in interference with her ability to work on a regular and sustained basis at least 20% of the time, and she would be absent in excess of twenty days each month. The ALJ pointed out, however, that during Hamel's visit with Dr. Ahmed that same month, Hamel reported that her mood, anxiety, and hallucinations were all improving, even while she still had some symptoms. The ALJ concluded from this evidence that Hamel's limitations were not as severe as indicated by Dr. Ahmed's opinion. While this evidence may be reasonably be interpreted another way, the ALJ's evaluation should be upheld "[w]here evidence is susceptible to more than one rational interpretation." *tre v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Likewise, the ALJ appropriately weighed Dr. Ahmed's second opinion, dated August 26, 2016. In that opinion, Dr. Ahmed stated that Hamel had no useful ability to function and that she was unable to meet competitive standards on nearly every area of the questionnaire. He also opined that Hamel would be unable to perform all tasks, and that she would be absent more than four days a month due to her impairments or because of treatment. Yet treatment notes from Hamel's providers—while noting that she was still suffering some symptoms—state that Hamel's symptoms were being treated effectively: "[g]radually her major depressive symptoms are stable." (Tr. 486). The physician also noted that Hamel was continuing to work with psychiatrists to adjust medications and dosages. The ALJ rationally concluded that this medical evidence conflicted with Dr. Ahmed's opinion regarding Hamel's limitations. This constitutes a specific and legitimate reason supported by substantial evidence, so the ALJ's weighing of Dr. Ahmed's opinion was appropriate. *See Carmickle*, 533 F.3d at 1164.

The ALJ also appropriately weighed the opinion of Dr. Abreu. Dr. Abreu examined Hamel in June 2016. After the examination, Abreu diagnosed borderline personality disorder. He noted that Hamel reported visual and auditory hallucinations, that she was aggressive at times, and that she slept excessively, preventing her from working. Dr. Abreu's conclusion was that Hamel has mild limitations in interaction with the public, moderate limitations in interaction with supervisors, and marked limitation in her interaction with co-workers. These findings, the ALJ concluded, were in line with the medical treatment evidence, which demonstrated both that Hamel suffered from symptoms, and that those symptoms were improved through medication and treatment. Thus, the ALJ awarded Dr. Abreu's opinions substantial weight, and adopted his findings within the ALJ's RFC finding. The ALJ appropriately weighed this opinion by indicating that it was consistent with the medical evidence in the case. Again, though Hamel argues that the evidence the ALJ points to can be interpreted in ways other than the way in which the ALJ interpreted it, the ALJ's rational interpretation where more than one exists must be upheld by the Court. *See Burch*, 400 F.3d at 679.

Hamel does not challenge the ALJ's weighing of various other opinions, so the Court does not address those conclusions. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## CONCLUSION

Because the ALJ made a legal error, but there are potential inconsistencies in the medical evidence with some of Hamel's testimony, the appropriate remedy is to remand for further consideration. *See Treichler*, 775 F.3d at 1105.

**IT IS THEREFORE ORDERED** that the decision of the ALJ denying benefits is **VACATED** and this case is **REMANDED** for further proceedings consistent with this opinion.

Dated this 5th day of March, 2019.

_____
G. Murray Snow
Chief United States District Judge